UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 99-0308 (PLF) |
| LEE GRANT GREGG, | ) | Civil Action No. 03-0882 (PLF) |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's "Motion to Vacate Judgment" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and his "Motion to Amend Rule 60(b) Motion Pursuant to Federal Civil Procedure Rule 15(a)." Upon consideration of the motions and the entire record in this case, the Court first will grant the defendant's motion to amend his motion to vacate, but then must deny his motion to vacate judgment.

Defendant filed his first motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on April 8, 2003. The Court denied that motion by Opinion and Order dated April 30, 2004. See April 30, 2004 Memorandum Opinion and Order. Defendant did not receive notice of that Opinion and Order at the time that it was issued because they were mailed to the incorrect address. On March 16, 2005, the defendant moved to amend his Section 2255 motion. The Court denied that motion in a March 30, 2005 Order, which stated that the Section 2255 motion could not be amended when it already had been denied. See March 30, 2005 Order. On August 18, 2005, defendant filed a motion requesting a copy of the April 30, 2004 Opinion and Order that he had never received, and also requested that this Court reopen the matter and extend his time to file an appeal pursuant to Rule 4(a)(6) of the Federal Rules of

Appellate Procedure.[1]  In an Order dated October 7, 2005, the Court granted defendant's request for a copy of the April 30, 2004 Opinion and Order, but denied his request to reopen the matter and extend his time to appeal because that request was untimely under Rule 4(a) of the Federal Rules of Appellate Procedure.  See October 7, 2005 Order.

Defendant subsequently filed a second motion pursuant to Section 2255 on February 13, 2006.  In response, the government moved to transfer the defendant's February 13, 2006 motion to the United States Court of Appeals for the District of Columbia Circuit for its consideration and certification as a second and successive motion under Section 2255.  The Court granted the government's motion and transferred the defendant's February 13, 2006 motion to the Court of Appeals by Order of April 26, 2006.  See April 26, 2006 Order.  On July 20, 2006, the Court of Appeals, in a *per curiam* Order, denied the defendant leave to file a second and successive Section 2255 motion.  See July 26, 2006 Order of the United States Court of Appeals.

On October 30, 2006, the defendant filed a motion pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure, requesting that the Court "vacate judgment" with

---

[1]  Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;  (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

respect to his February 13, 2006 motion pursuant to 28 U.S.C. § 2255.  On May 7, 2007, the defendant filed a motion for leave to amend his Rule 60(b) motion, asking that the accompanying memorandum of law "supersede in whole the initial filing of October 30, 2006."  The Court will grant the motion to amend and consider the superseding memorandum of law in support of the defendant's Rule 60(b) motion.

Defendant argues that this Court's judgment should be vacated pursuant to Rules 60(b)(4) and (6).[2]  It is not clear whether the defendant is requesting that the Court vacate its April 30, 2004 Opinion and Order, its October 7, 2005 Order, or its April 26, 2006 Order.  Upon consideration of the defendant's arguments, however, the Court finds that there is no basis to believe that either the April 30, 2004 Opinion or any of these three Orders is void pursuant to Rule 60(b)(4) or that it should be vacated for any other reason pursuant to Rule 60(b)(6).  Accordingly, it is hereby

ORDERED that defendant's motion to amend [143] is GRANTED; and it is

---

[2] Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

FURTHER ORDERED that defendant's motion to vacate judgment [142] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: June 19, 2007                    United States District Judge